STATE OF NORTH CAROLINA v. MICHAEL BRYANT WILLIAMS

No. 7226SC824

(Filed 20 December 1972)

1. Criminal Law § 11— accessory after the fact to murder — sufficiency of evidence

   In a case charging defendant with accessory after the fact to murder where the evidence tended to show that defendant was in the

victim's apartment while the victim was murdered by one Wright and that defendant aided Wright in disposing of the body and the gun used in the murder, the evidence was sufficient to show the commission of a murder and to withstand defendant's motion for nonsuit. G.S. 14-7.

2. **Criminal Law § 42— skin segment of murder victim — admissibility in accessory after the fact trial**

In a case charging defendant with accessory after the fact to murder where the identity of the person murdered and the identity ·of the body found were issues for determination, a segment of skin from the victim's right leg bearing a tattoo design of a Cobra was properly admitted into evidence.

APPEAL by defendant from *Snepp, Judge,* at the 8 May 1972 Schedule "A" Criminal Session of MECKLENBURG Superior Court.

Defendant was tried under a bill of indictment charging him with accessory after the fact to murder, as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Michael Bryant Williams late of the County of Mecklenburg on the 31 day of July, 1971 with force and arms, at and in the County aforesaid, that Franklin Dewayne Wright did unlawfully, wilfully, and feloniously kill and murder Frederick Carlton Cunningham with malice, premeditation and deliberation and that on said date Michael Bryant Williams well knowing that the said Franklin Dewayne Wright to have done and committed the felonious murder in manner and form aforesaid then and there, afterwards unlawfully, wilfully and feloniously and with malice aforethought did him, the said Franklin Dewayne Wright receive, maintain, comfort, aid, and assist, by concealing the body of Frederick Carlton Cunningham and did accompany away from the scene of the felony, the said Franklin Dewayne Wright, for the purpose of enabling the said Franklin Dewayne Wright to avoid apprehension, arrest and punishment, against the form of the statute in such case made and provided and against the peace and dignity of the State.

Defendant pleaded not guilty, a jury found him guilty as charged and from judgment imposing prison sentence of ten years, defendant appealed.

State v. Williams

*Attorney General Robert Morgan by Ralph Moody, Special Counsel, for the State.*

*Lila Bellar for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the denial of his motions for dismissal as in case of nonsuit and to set the verdict aside, contending that "the State failed to prove the murder, an essential element of accessory after the fact of murder."

Pertinent evidence most favorable to the State is summarized as follows:

Some time after 1:30 a.m. on Sunday, 1 August 1971, Franklin DeWayne Wright (Wright), Larry Shue (Shue), a person called Butch, and defendant went via automobile from the Corner Lounge on Tuckaseegee Road in or near Charlotte to an apartment in North Charlotte. Wright's stated purpose in going to the apartment was to beat up a person known as "Hippie." All four of the car occupants entered the apartment and found Hippie lying on a bed. Wright awakened Hippie and had "a hassle" with him concerning a gun evidently belonging to Wright which Hippie supposedly had in his possession. Hippie told Wright that he did not have the gun and Wright began beating him. The beating continued for some period of time and defendant struck Hippie in his chest three or four times "but not very hard." Wright continued to talk to Hippie about the gun and stated to him that "I told you if you did not have that gun here today that I was going to put you to sleep." Thereafter, Wright told Hippie to get a towel, wipe the blood off, and change clothes, that they were going to take him for a short ride. After Hippie wiped the blood off and changed clothes, Wright began fighting Hippie again, pushing him onto a bed. Wright had kept a pistol in his right hand during most of the time that he was beating Hippie and after knocking Hippie on the bed, Wright shot Hippie.

Wright then told his three companions to wrap the body in a blanket, that they had to dump it somewhere. Shue and defendant then rolled the body in a blanket and took it to the car, placing it on the rear floorboard. Wright and his three companions left in the car with defendant driving; Wright sat in the front seat next to defendant, Butch sat on the extreme right of the front seat and Shue was in the back seat with the

body. At Wright's direction defendant drove the car for several miles, eventually coming to the intersection of I-85 and Highway 29 where defendant drove the car to the side of the road and stopped. Defendant and Shue, at Wright's direction, got out of the car, removed the body from the car and threw it over the guardrail and down an embankment. The four of them then proceeded for several miles over various roads until they came to a bridge over the Rocky River; at that point they stopped and Wright threw the gun into the river.

Some ten days later, with directions from defendant, police officers located the body and an autopsy was performed by Dr. Wood, medical examiner for Mecklenburg County. Dr. Wood extracted the major portion of a .38 caliber bullet from the base of the skull; he testified that in his opinion the victim died very quickly because the bullet severed the spinal cord. He identified the body as that of Carlton Cunningham. Police officers located a .38 caliber pistol in the Rocky River at a place shown them by defendant. In Dr. Wood's opinion, the victim had been dead from one to two weeks at the time the body was located.

G.S. 14-7 provides in pertinent part as follows: "If any person shall become an accessory after the fact to any felony, whether the same be a felony at common law or by virtue of any statute made, or to be made, such person shall be guilty of a felony, and may be indicted and convicted together with the principal felon, or after the conviction of the principal felon, or may be indicted and convicted for such felony whether the principal felon shall or shall not have been previously convicted . . . ."

An accessory after the fact is one who, after a felony has been committed, with knowledge that the felony has been committed, renders personal assistance to the felon in any manner to aid him to escape arrest or punishment knowing, at the time, the person so aided has committed a felony. *State v. McIntosh*, 260 N.C. 749, 133 S.E. 2d 652 (1963), *State v. Potter*, 221 N.C. 153, 19 S.E. 2d 257 (1942).

We hold that the evidence in the case at bar was sufficient to show that a murder was committed by Wright, that defendant had knowledge of the murder, and possessing that knowledge he rendered personal assistance to Wright to aid him to escape arrest or punishment. The assignment of error is overruled.

[2] Defendant assigns as error the admission of certain evidence on the ground that the evidence was unnecessarily gruesome and repulsive.

The challenged evidence included a segment of skin from the victim's right leg bearing a tattoo design of a Cobra; Dr. Wood testified that he removed the segment and kept it in a container. The father of Carlton Cunningham had testified earlier: "My son had a blue Cobra snake, with a touch of red for the snake's tongue, tattooed on his right leg between his knee and ankle. The tattoo was on the right side of the leg." Defense counsel admits that the evidence was relevant and had probative value but insists that the segment of skin should have been photographed and the photograph used as evidence so as to minimize adverse effect on the jury.

Defendant's contention as to this evidence is without merit. While there appears to be no prior decision in this jurisdiction directly in point, we think the validity of the evidence is supported by analogous decisions.

In *State v. Frazier*, 280 N.C. 181, 199, 185 S.E. 2d 652, 663 (1972), the court, quoting from *State v. Atkinson*, 275 N.C. 288, 311, 167 S.E. 2d 241, 255 said: "The fact that a photograph depicts a horrible, gruesome and revolting scene, indicating a vicious, calculated act of cruelty, malice or lust, does not render the photograph incompetent in evidence . . . ." In *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), the court held that any object which has a relevant connection with the case is admissible into evidence.

In the instant case the identity of the person murdered and the identity of the body found were issues for determination. We hold that under the facts presented the challenged evidence was properly admitted.

Under the same assignment of error defendant contends the court erred in admitting into evidence a purported dental chart made for the victim Cunningham while he was a member of the U. S. Army. We hold that the chart was properly authenticated and admitted pursuant to G.S. 8-35.

The assignment of error is overruled.

In the third assignment of error brought forward and argued in his brief, defendant contends the court erred (1) in that it expressed opinions to the jury in violation of G.S. 1-180

and (2) in its instructions to the jury. We have carefully reviewed the portions of the record challenged by this assignment of error but conclude that the assignment is without merit and the same is overruled.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.