State v. Sports

STATE OF NORTH CAROLINA v. GEORGE WILLIAM SPORTS

No. 7918SC221

(Filed 19 June 1979)

1. **Criminal Law §§ 33, 87; Rape § 18.1 — preliminary questions to witness — introduction of witness — explanation of other evidence**

   In this prosecution for assault with intent to commit rape and crime against nature, the victim's testimony about her orphan status, epileptic history, scholarship assistance and summer employment was competent to establish an introduction for her as a witness and to explain why the witness was working at a fast-food restaurant and walking home alone on the night in question.

2. **Criminal Law § 102.7 — district attorney's jury argument — characterizations of prosecutrix — supporting evidence — unsupported argument as harmless error**

   In a prosecution for assault with intent to commit rape and crime against nature, the district attorney's reference to the victim as "a twenty-one year old epileptic, half-blind college student," and "epileptic, virgin orphan," were consistent with facts in evidence and not improper. Furthermore, the district attorney's reference to the victim's noncompensated summer employment which was not supported by admitted evidence did not constitute prejudicial error.

3. **Criminal Law § 85.2 — cross-examination of character witness — specific acts of misconduct by defendant — harmless error**

   The trial court erred in permitting the prosecutor to ask defendant's character witness whether he knew defendant had been convicted of armed

robbery, but such error was harmless where defendant had previously testified about his conviction for armed robbery.

**4. Criminal Law § 102.10— jury argument—characterizations of defendant**

In this prosecution for assault with intent to commit rape and crime against nature, the district attorney's characterization of defendant in his jury argument as an "admitted armed robber" and a "confessed armed robber" was supported by the record and was not improper.

**5. Rape § 18.2— assault with intent to rape—evidence of attempted penetration not necessary**

The State's evidence was sufficient for the jury in a prosecution for assault with intent to commit rape although there was no evidence of an attempted penetration.

APPEAL by defendant from *Albright, Judge*. Judgment entered 8 November 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 29 May 1979.

The defendant was indicted for assault with intent to commit rape and crime against nature. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to consecutive prison terms of 7 to 10 years and 8 to 10 years, the defendant appealed. The State's evidence tended to show that Ms. Virginia Poot, the prosecuting witness, worked at McDonald's restaurant in Greensboro on 30 October 1977. She was a senior at East Carolina University and was living with her aunt and working at McDonald's to help finance her education. Ms. Poot, an orphan, was the recipient of a scholarship grant under the Vocational Rehabilitation program. She qualified by reason of her epileptic condition. This scholarship helped to finance her education. To supplement the scholarship aid, she worked during the summer months. She had worked during the summer of 1977 and was working at the time of this incident because she could not afford to return to East Carolina in the fall of 1977.

Ms. Poot worked until about 1:00 a.m. on 30 October 1977. The person with whom she was to ride home failed to come to work due to sickness and the prosecutrix was unable to find another ride to her aunt's house. She began walking home and the defendant offered her a ride. She first declined but later accepted and, after a short drive, the defendant pulled into a service station lot. He told Ms. Poot to "take off them drawers or I will slit

your throat." She refused and defendant proceeded to remove her clothes. He unzipped his pants and used words indicating he intended to have intercourse with her. Defendant put his mouth and hand on Ms. Poot's breast and then forced her to perform fellatio. The prosecutrix attempted to crush the defendant's testicles, but failed and received a slap across her face from the defendant. Defendant then put his tongue in Ms. Poot's mouth and she bit the tongue causing it to bleed. Defendant then told the prosecutrix to get out of the car.

An identification specialist for the county sheriff's office took photographs of blood and a dental plate at the service station where the assault occurred. He also took photographs of blood in the defendant's automobile.

The defendant's evidence tended to show that on 30 October 1977 after playing cards with friends from his job, the defendant picked up the prosecutrix on the highway. They pulled over at a service station. The defendant kissed the prosecutrix and she kissed him back. She apparently became scared when he touched her breast and she then bit his tongue, causing it to bleed and causing the defendant to spit out his partial dental plate. He told the prosecutrix to get out of the car and he drove to Wesley Long Hospital for treatment. Defendant testified that he never forced the prosecutrix to perform fellatio and never had any intentions of committing forcible rape on her.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Frederick G. Lind, Assistant Public Defender, for the defendant appellant.*

CARLTON, Judge.

[1] Defendant first assigns as error the trial court's overruling of his objections and denial of his motion to strike certain testimony of Virginia Poot. On preliminary and direct examination of Ms. Poot by the assistant district attorney, evidence of Ms. Poot's orphan status, epileptic history, scholarship assistance and summer employment was admitted over defendant's objections. Defendant contends that the evidence presented was irrele-

vant and served only to excite prejudice and sympathy for the prosecuting witness. We disagree.

It is elementary that when a witness has been sworn and takes the stand, preliminary questions are properly put to him as to name, residence, knowledge of the case, etc. The purpose of such questions is generally to introduce the witness to the court and the jury and to show why he is there testifying. 1 Stansbury, N.C. Evidence, § 24, p. 56 (Brandis rev. ed. 1973); *Pittman v. Camp*, 94 N.C. 283 (1886). Evidence offered for this purpose is relevant at trial, if it does in fact establish an introduction for the witness. *See* McCormick, Evidence, Relevancy, § 185, p. 435.

Moreover, relevant evidence should not be excluded "simply because it may tend to prejudice the opponent or excite sympathy for the cause of the party who offers it." 1 Stansbury, N.C. Evidence, § 80, p. 242 (Brandis rev. ed. 1973); *see State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975), *cert. denied*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed. 2d 1091 (1977); *State v. Williams*, 17 N.C. App. 39, 193 S.E. 2d 452 (1972), *cert. denied*, 282 N.C. 675 (1973).

In the case *sub judice*, evidence of Ms. Poot's background and epilepsy was presented pursuant to preliminary questioning by the assistant district attorney. The evidence was relevant not only for introductory and general purposes, but also to serve as an explanation as to why the witness was working at McDonald's, living with her aunt in Greensboro, and walking home alone on the night in question. We do not believe the challenged testimony played upon the passions and prejudices of the jury to the extent that it must be considered prejudicial. This assignment of error is overruled.

[2] The defendant next argues that the assistant district attorney's jury argument, which incorporated evidence from the testimony complained of above, was prejudicial and designed solely to arouse the sympathy and emotions of the jury. In his argument, the assistant district attorney referred to the prosecuting witness as "a young twenty-one year old epileptic, half-blind college student," an "epileptic, virgin orphan," and an "innocent young orphan and virgin." He also briefly recounted Ms. Poot's testimony concerning her prior summer employment and the fact that after tutoring two children she was never paid. That particular portion of Ms. Poot's testimony was not in the evidence,

as the court had sustained defense counsel's objection and granted his motion to strike.

The argument of counsel is left largely to the control and discretion of the presiding judge and counsel must be allowed wide latitude in the argument of hotly contested cases. *State v. Seipel,* 252 N.C. 335, 113 S.E. 2d 432 (1960); *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424 (1955). "[Counsel], may not, however, by argument, insinuating questions, or other means, place before the jury incompetent and prejudicial matters not legally admissible in evidence, and may not 'travel outside of the record' or inject into his argument facts of his own knowledge of other facts not included in the evidence." *State v. Westbrook,* 279 N.C. 18, 39, 181 S.E. 2d 572, 584 (1971). "The fact that the sympathy or prejudice of the jury may be aroused by the argument of counsel does not render the argument improper when it is legitimate and based on competent evidence." *State v. Stegmann,* 286 N.C. 638, 656, 213 S.E. 2d 262, 275 (1975).

Applying these principles to the present case, we find that the State's argument was in substantial compliance with case authority. References to Ms. Poot's virginity, epileptic condition and visionary problems were all permissible, such references being consistent with the facts in evidence. Granted, the assistant district attorney at one point did travel outside the record by referring to Ms. Poot's noncompensated summer employment. However, we believe that this error was of relatively little importance, particularly in light of the facts that *were* in evidence. We do not believe it was prejudicial. Moreover, during the assistant district attorney's argument, defense counsel made no objections to the portions of the argument that he now complains of. An impropriety in the argument should be brought to the attention of the trial court in time for the impropriety to be corrected in the charge unless the impropriety is gross, in which case the error can be corrected *ex mero motu.* 4 Strong, N.C. Index 3d, Criminal Law, § 102.3, p. 520; *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967). This assignment of error is overruled.

The defendant next contends that the trial court erred in overruling his objection and denying his motion to strike the testimony of defendant's character witness, regarding a specific act of misconduct on the part of the defendant. We disagree.

[3] During cross-examination of defendant's character witness, the assistant district attorney asked the witness whether he knew the defendant had been convicted of armed robbery.

The defendant relies on the case of *State v. Chapman*, 294 N.C. 407, 241 S.E. 2d 667 (1978) in support of his argument. In *Chapman*, our Supreme Court stated the well established rule in our jurisdiction that it is error for the State to cross-examine the defendant's character witness as to particular acts of misconduct on the part of the defendant. A character witness may be cross-examined as to the general reputation of the defendant as to particular vices or virtues, but not as to specific acts of misconduct. *See also State v. Green*, 238 N.C. 257, 77 S.E. 2d 614 (1953).

Any error here was harmless in that the defendant had previously testified himself that he had been convicted of armed robbery. In *Chapman,* the situation presented was strikingly similar to the case at bar in that the prosecutor asked the defendant's character witnesses whether they were aware that defendant "got his gun and went after some black people in Charlotte." The error was acknowledged, but declared to be harmless. The test for harmless error was stated in *Chapman* as being the absence of a "reasonable possibility that a different verdict would be reached at a new and error free trial." *Chapman, supra*, at 417, 241 S.E. 2d at 674. This assignment of error is overruled.

[4] Defendant next assigns as error the denial of his motion for mistrial and for a new trial on the ground that the State improperly and prejudicially argued the defendant's prior armed robbery conviction for purposes other than to attack defendant's credibility. He argues that these remarks by the assistant district attorney might have been considered by the jury as substantive evidence of defendant's guilt rather than mere impeachment evidence.

During his argument, the assistant district attorney characterized the defendant as an "admitted armed robber." At another point in the argument, he juxtaposed the credibility of Ms. Poot against the defendant. He also referred to defendant as one who has "committed armed robbery," and one who is a "confessed armed robber."

When the assistant district attorney used the defendant's armed robbery conviction as part of his effort to undermine the

defendant's credibility, he was acting within the bounds of proper jury arguments. *See State v. Currie*, 293 N.C. 523, 238 S.E. 2d 477 (1977); *State v. Westbrook, supra.* Furthermore, when the assistant district attorney used the defendant's conviction for the purpose of characterization of the defendant, his actions were not improper. In *Westbrook*, our Supreme Court held that as long as the prosecuting attorney does not go outside of the record and his characterizations of the defendant are supported by evidence, the defendant is not entitled to a new trial by reason of being characterized in noncomplimentary terms in the argument. By defendant's own testimony, he was convicted of armed robbery. Clearly, the assistant district attorney did not go outside the record in this case and his use of the description "armed robber" as part of the characterization of defendant was supported by the evidence.

Moreover, a curative instruction was given to the jury on defendant's request before the conclusion of the assistant district attorney's argument. The jury was told to completely disregard any line of argument purporting to characterize the defendant as an armed robber. While we find that such an instruction was unnecessary here, correction by the court would have cured any impropriety had one existed. *State v. Bryant*, 236 N.C. 745, 73 S.E. 2d 791 (1953).

[5] Defendant finally contends that the trial court erred in failing to grant his motion to dismiss. Particularly with respect to the charge of assault with intent to commit rape, he argues that there was no evidence of penetration. The argument is meritless.

Chief Justice Sharp stated the North Carolina rule in *State v. Hudson*, 280 N.C. 74, 77, 185 S.E. 2d 189, 191 (1971), *cert. denied*, 414 U.S. 1160, 94 S.Ct. 920, 39 L.Ed. 2d 112 (1974):

> The requisites of the crime with which defendant is charged have been stated many times: To convict a defendant on the charge of an assault with an intent to commit rape the State must prove not only an assault but that the defendant intended to gratify his passion on the person of the woman, at all events and notwithstanding any resistance on her part. It is not necessary that defendant retain that intent throughout the assault; if he, at any time during the assault, had an intent to gratify his passion upon the woman, notwithstand-

ing any resistance on her part, the defendant would be guilty of the offense. "Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, *i.e.*, by facts and circumstances from which it may be inferred." *State v. Gammons*, 260 N.C. 753, 756, 133 S.E. 2d 649, 651. To convict a defendant of an assault with intent to commit rape "an actual physical attempt forcibly to have carnal knowledge need not be shown." 75 C.J.S. Rape § 77, p. 557 (1952).

Clearly, in the case at bar, sufficient evidence of all elements of the offense were presented to withstand defendant's motion to dismiss. Ms. Poot's testimony tended to show that the defendant assaulted her and that the assault was sexually motivated. Moreover, she described circumstances from which the jury could reasonably infer that defendant intended to rape her notwithstanding any resistance on her part.

We have reviewed defendant's remaining assignments of error and find them to be without merit. In the trial below, we find

No error.

Judges VAUGHN and CLARK concur.