STATE OF NORTH CAROLINA v. RICKY EUGENE SUMMERLIN

No. 898SC428

(Filed 17 April 1990)

1. **Criminal Law § 417 (NCI4th)— robbery—prosecutor's opening statement—description of victim—no error**

   The trial court did not err in an armed robbery prosecution by allowing the prosecutor to mention in his opening

STATE v. SUMMERLIN

[98 N.C. App. 167 (1990)]

statement that the victim had graduated second in his high school class and obtained a college scholarship. Those statements merely served to introduce the victim to the jury; even assuming that they went beyond the scope of opening argument, defendant failed to establish prejudicial error. N.C.G.S. § 15A-1221(a)(4).

**Am Jur 2d, Trial § 207.**

2. **Robbery § 3 (NCI3d) — testimony concerning victim's scholastic achievements — not prejudicial**

The trial court did not err in an armed robbery prosecution by permitting testimony regarding the victim's scholastic achievements where the evidence was presented by the district attorney during preliminary questioning; the evidence was offered as a means of introducing the victim to the court and the jury; and, considering the fact that defendant later portrayed the victim as the aggressor, the challenged testimony was not prejudicial. N.C.G.S. § 8C-1, Rule 401.

**Am Jur 2d, Evidence § 342.**

3. **Criminal Law § 87.2 (NCI3d) — robbery — leading questions by prosecutor — no abuse of discretion**

The trial court did not abuse its discretion in an armed robbery prosecution by allowing the prosecutor to pose leading questions to the victim where the questions complained of were either necessary to develop the witness's testimony or were questions which elicited testimony already received into evidence without objection.

**Am Jur 2d, Trial § 194.**

4. **Criminal Law § 374 (NCI4th) — judge's comment when ruling on evidence — not prejudicial**

The trial court's comment following a witness's answer in an armed robbery prosecution did not import an expressed opinion or demonstrate favoritism, was not prejudicial, and did not warrant the granting of a new trial for defendant.

**Am Jur 2d, Trial § 98.**

5. **Robbery § 5.4 (NCI3d) — armed robbery — failure to charge on misdemeanor larceny — no error**

The trial court did not err in an armed robbery prosecution by failing to charge the jury on the offense of misde-

STATE v. SUMMERLIN

[98 N.C. App. 167 (1990)]

meanor larceny where the State's evidence sufficiently established the requisite elements of robbery with a dangerous weapon, and defendant's version of events was consistent with the State's evidence to the time the crime actually began, at which time defendant consistently portrayed himself as a victim and innocent bystander.

**Am Jur 2d, Trial § 727.**

6. **Criminal Law § 1114 (NCI4th) — robbery — sentencing — allegation of punishment for not pleading guilty — unsupported**

Defendant's assertion that a prison term of twenty-five years for armed robbery was punishment for failing to plead guilty was unsupported by the evidence.

**Am Jur 2d, Criminal Law § 525.**

7. **Criminal Law § 1082 (NCI4th) — robbery — sentence in excess of presumptive term — no error**

The trial court did not err when sentencing defendant for armed robbery by imposing a sentence in excess of the presumptive term after finding one factor in aggravation and none in mitigation where there was neither an error in finding that an aggravating factor existed nor an abuse of discretion in imposing a sentence greater than the presumptive term.

**Am Jur 2d, Criminal Law § 538.**

APPEAL by defendant from judgment entered 4 January 1989 by *Judge Samuel Currin, Jr.* in WAYNE County Superior Court. Heard in the Court of Appeals 15 November 1989.

After a trial by jury, defendant was convicted of robbery with a dangerous weapon in violation of G.S. § 14-87. Upon conviction, the trial court imposed an active prison term of twenty-five years. Defendant gave notice of appeal in open court.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Julia F. Renfrow, for the State.*

*Michael A. Ellis for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tended to show the following: On the evening of 14 August 1988, Leonard Davis, the victim of the alleged

robbery, was visiting a friend's house in Goldsboro. At about 10:30 p.m. he decided to walk home and headed down Highway 13 carrying a backpack which contained approximately $145.00 in cash, a pair of eyeglasses, a compact disc, several paperback books and an expired driver's permit.

Shortly thereafter, Davis turned off Highway 13 and headed south on Highway 117. Defendant Ricky Summerlin and his companion and co-defendant, Vincent L. Creel, were also walking along Highway 117, but were a short distance ahead of Davis. When Davis approached defendant and Creel, he spoke but received no response. Concerned about his safety, Davis crossed the highway. He then turned around and noticed that the men had also crossed and appeared to be following him.

In an attempt to get away from the men, Davis walked faster. Defendant and Creel called out for Davis and he stopped momentarily. Pleasant words were exchanged and defendant warned Davis of the dangers of walking down Highway 117. Davis then shook Creel's hand and walked hurriedly away from the men.

Moments later, defendant and Creel, using obscene words, called out to Davis once again. In anticipation of possible trouble, Davis took his pocketknife out of his pocket, opened the blade and returned it to his pocket, leaving it protruding slightly. He then turned around to see what defendant and Creel wanted. Despite Davis' plea to be left alone, the men began to physically assault him.

In response to being pushed into a ditch, jumped upon and continuously punched, Davis reached for his pocketknife and stabbed Creel in the side. Hearing Creel's scream, defendant grabbed the pocketknife out of Davis' hand and proceeded to cut him on the back of his neck. As Davis lay on the ground injured, the men demanded his money and backpack. Davis complied.

Davis sustained injuries to his neck, lip, head and shoulders and was also robbed of personal property valued at over $300.00.

Defendant's testimonial account of the incident portrayed Davis as the aggressor. Defendant stated that on the night in question, he and Creel were walking along Highway 117 and some words were exchanged between them and Davis. Davis then walked toward them and he (defendant) put his hand on Davis' chest and asked him if there was a problem. Creel and Davis then shook hands and Davis left. Moments later, more words were exchanged be-

tween the men and Davis once again walked toward them. This time, however, Davis had his hand in his pocket. A fight ensued between Creel and Davis and Davis subsequently stabbed Creel in the side.

Testimony elicited from Creel also portrayed Davis as the aggressor. Creel, however, also testified that he, not defendant, held the knife to Davis' throat and demanded his money and backpack.

[1] By his first Assignment of Error, defendant contends that the trial court committed reversible error in allowing the assistant district attorney to mention in his opening statement that the victim had graduated second in his high school class and obtained a college scholarship.

G.S. § 15A-1221(a)(4) provides that "[e]ach party [in a criminal jury trial] must be given the opportunity to make a brief opening statement." This specific statute does not, however, define the scope of the opening statement. Our Supreme Court has nonetheless spoken on this particular issue in *State v. Paige*, 316 N.C. 630, 343 S.E.2d 848 (1986). Quoting this Court, the Supreme Court said:

> *While the exact scope and extent of an opening statement rests largely in the discretion of the trial judge,* we believe the proper function of an opening statement is to allow the party to inform the court and jury of the nature of his case and the evidence he plans to offer in support of it.

*Id.* at 648, 343 S.E.2d at 859 (*quoting State v. Elliott*, 69 N.C. App. 89, 93, 316 S.E.2d 632, 636, *disc. rev. denied, appeal dismissed;* 311 N.C. 765, 321 S.E.2d 148 (1984) (emphasis added) ). A determination of whether an opening statement is proper must be made in light of the purpose of an opening statement. *See State v. Gladden*, 315 N.C. 398, 340 S.E.2d 673, *cert. denied*, 479 U.S. 871, 107 S.Ct. 241, 93 L.Ed.2d 166 (1986). Counsel representing each party is generally afforded wide latitude with respect to the scope of the opening statement. *Id.*

We have reviewed the complained of portions of the assistant district attorney's opening statement and find them to be entirely proper. The statements concerning Leonard Davis' scholastic achievements merely served to introduce the victim to the jury. Assuming *arguendo* that the statements went beyond the permissible scope of an opening statement, defendant has nevertheless

failed to establish prejudicial error. Accordingly, this assignment of error is overruled.

[2]   Second, defendant challenges the admissibility of testimonial evidence concerning the victim's scholastic achievements. We find defendant's contention that the trial court improperly admitted this evidence to be without merit.

As a general rule, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. § 8C-1, Rule 401. If relevant, the evidence is admissible. G.S. § 8C-1, Rule 402. With respect to whether certain background information is relevant and therefore admissible, this Court has previously stated that

> when a witness has been sworn and takes the stand, preliminary questions are properly put to him as to name, residence, knowledge of the case, etc. The purpose of such questions is generally to introduce the witness to the court and the jury and to show why he is there testifying . . . . Evidence offered for this purpose is relevant at trial, if it does in fact establish an introduction for the witness. Moreover, relevant evidence should not be excluded "simply because it may tend to prejudice the opponent or excite sympathy for the cause of the party who offers it."

State v. Sports, 41 N.C. App. 687, 690, 255 S.E.2d 631, 633 (1979).

In the case sub judice, evidence of Davis' scholastic achievements was presented by the assistant district attorney during preliminary questioning. After reviewing the transcript, we find that the challenged testimony was relevant. We further find that the evidence was offered as a means of introducing the victim to the court and jury and to assist in explaining the victim's background. Considering the fact that defendant later portrayed Davis as the aggressor, we do not believe that the challenged testimony was prejudicial. This assignment of error is therefore overruled.

[3]   Third, defendant contends that the trial court erred in allowing the assistant district attorney to pose leading questions concerning critical issues to the victim during direct examination. Specifically, defendant argues that the admission of the following interchange resulted in reversible error:

Q. So are you absolutely sure Mr. Summerlin got the knife from you?

A. Yes.

MR. ELLIS: Object to leading,

THE COURT: Well, overruled.

[Defendant's Exception No. 6]

. . . .

Q. Summerlin said that about if you call the police?

A. Yes.

MR. ELLIS: Objection to leading, Your Honor.

THE COURT: Well, overruled.

[Defendant's Exception No. 7]

"A leading question is generally defined as one which suggests the desired response and may frequently be answered yes or no." *State v. Britt*, 291 N.C. 528, 539, 231 S.E.2d 644, 652 (1977). Historically, leading questions were generally only permissible on cross-examination, however, over the years other permissible circumstances have evolved. G.S. § 8-C, Rule 611(a). Our Supreme Court has cataloged eight circumstances in which leading questions are deemed permissible on direct examination. *State v. Smith*, 290 N.C. 148, 226 S.E.2d 10, *cert. denied*, 429 U.S. 932, 97 S.Ct. 339, 50 L.Ed.2d 301 (1976). Rulings by the trial court on the use of leading questions are discretionary and reversible only for an abuse of discretion. *State v. Riddick*, 315 N.C. 749, 340 S.E.2d 55 (1986).

We have reviewed the record and find no abuse of discretion. The leading questions complained of were either necessary to develop the witness's testimony or were questions which elicited testimony already received into evidence without objection. *See State v. Smith*, *supra*. This assignment is overruled.

[4] Fourth, defendant contends that the trial court improperly commented on the evidence in front of the jury. The following exchange occurred:

Q. There is no weigh [sic] they could have known you had any money; is there?

A. It's a common assumption by thieves that you have money.

Q. That's not my question, sir?

A. I have no idea if they could have known. I had my own — it is a common assumption by thieves the person they are robbing from has money.

MRS. HEAD: Objection, Your Honor. Motion to Strike.

THE COURT: Well, that's the opinion.

[Defendant's Exception No. 8]

G.S. § 15A-1222 provides that "[a] judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Even so, not every improper remark made by the trial judge requires a new trial. *State v. Guffey*, 39 N.C. App. 359, 250 S.E.2d 96 (1979). When considering an improper remark in light of the circumstances under which it was made, the underlying result may manifest mere harmless error. *State v. King*, 311 N.C. 603, 320 S.E.2d 1 (1984). Defendant nonetheless bears the burden of establishing that the trial judge's remarks were prejudicial. *State v. Blackstock*, 314 N.C. 232, 333 S.E.2d 245 (1985).

Defendant contends that one of the victim's answers to the prosecutor's questions constituted something other than an opinion. Further, defendant contends that the trial judge's response (Defendant's Exception No. 8) to the motion to strike the victim's answer was both improper and prejudicial and therefore a basis for a new trial.

After considering the statement made by the trial judge and the circumstances in which it was made, we are unable to reach the conclusion defendant desires. The trial judge's statement does not import an expressed opinion nor does it demonstrate any favoritism. As such, it is not prejudicial and does not warrant the granting of a new trial for defendant. This assignment is overruled.

[5]  Fifth, defendant contends that the trial court erred by failing to charge the jury on the offense of misdemeanor larceny, the lesser included offense of robbery. We disagree.

Recently, our Supreme Court, in analyzing G.S. § 14-87, has implicitly stated that larceny is a lesser included offense of robbery.

*State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988). Moreover, the Court has stated that

> [t]he law is well settled that the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense. However, when the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, the trial court is not required to submit and instruct the jury on any lesser included offense.

*State v. Rhinehart*, 322 N.C. 53, 59, 366 S.E.2d 429, 432-33 (1988) (*quoting State v. Boykin*, 310 N.C. 118, 121, 310 S.E.2d 315, 317 (1984)). Hence, "when all the evidence tends to show that defendant committed the crime charged . . . and there is no evidence of the lesser-included offense, the court should refuse to charge on the lesser-included offense." *State v. Summitt*, 301 N.C. 591, 596, 273 S.E.2d 425, 427, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed.2d 349 (1981). Notably, the trial court is not required to instruct on a lesser included offense when the defendant's evidence merely tends to show that he committed no crime at all. *State v. Coats*, 301 N.C. 216, 270 S.E.2d 422 (1980). The determinative factor of whether the trial court is to instruct the jury on the lesser included offense is the presence of evidence which tends to support a conviction of the lesser included offense. *Id.*

To convict pursuant to G.S. § 14-87(a), there must be proof that defendant: (1) unlawfully took or attempted to take personal property from the person or in the presence of another (2) by use of a firearm or other dangerous weapon (3) whereby the life of a person was endangered or threatened. *State v. Hope*, 317 N.C. 302, 345 S.E.2d 361 (1986).

Applying the foregoing principles to the instant case, we find that the State's evidence sufficiently establishes the requisite elements of robbery with a dangerous weapon. We also find defendant's version of the events to be consistent with the State's evidence up until the time criminal activity begins. At such time, defendant conveniently portrays himself as both a victim and an innocent bystander who is helpless to the mischievous but criminal conduct of his co-defendant Creel. Holding that the trial court erred in failing to instruct the jury on the lesser included offense of misde-

meanor larceny would be like putting on blinders to what is just. This we decline to do. Accordingly, this assignment is overruled.

[6] Sixth, defendant contends that the trial court's imposition of a prison term of twenty-five years reflects a punishment for defendant's failure to plead guilty and for the exercising of his right to a trial by jury. We disagree.

G.S. § 15A-1340.4(a) explicitly prohibits a judge from considering as an aggravating factor the fact that the defendant exercised his right to a jury trial. We find defendant's blanket assertion to be unsupported by the evidence. This assignment is overruled.

[7] By his seventh Assignment of Error, defendant contends that the trial court committed reversible error by imposing a sentence in excess of the presumptive term after finding one factor in aggravation and no factors in mitigation. Specifically, defendant argues that the trial court acted in contravention of the Fair Sentencing Act. We disagree.

Before addressing the issue presented to this Court, we feel compelled to articulate the purposes of sentencing as set out in the Fair Sentencing Act. See G.S. § 15A-1340 et seq.

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

G.S. § 15A-1340.3. Unquestionably, sentencing judges are to be guided by these purposes.

We now turn to the instant case. At sentencing, the trial court found as an aggravating factor that defendant had a prior conviction for a criminal offense punishable by more than sixty days in prison. The trial court did not, however, find any factor in mitigation. It was then determined that the aggravating factors outweighed the mitigating factors and, on this basis, defendant was sentenced to twenty-five years in prison for robbery with a dangerous weapon.

In an attempt to navigate a balance between the inflexibility of a presumptive sentence and the flexibility of permitting punish-

ment to adapt to the offense committed, established principles have provided guidance for our sentencing judges.

> [A] sentencing judge's discretion to impose a sentence within the statutory limits, but greater . . . than the presumptive term, is carefully guarded by the requirement that he make written findings in aggravation and mitigation, which findings must be proved by a preponderance of the evidence; that is, by the greater weight of the evidence.

*State v. Ahearn*, 307 N.C. 584, 596, 300 S.E.2d 689, 696-97 (1983). The factors in aggravation must be found to outweigh the factors in mitigation. *State v. Attmore*, 92 N.C. App. 385, 374 S.E.2d 649 (1988). However, in the instances where the trial judge finds aggravating, but no mitigating factors, specific findings that such factors outweigh the nonexisting mitigating factors are unnecessary. *State v. Freeman*, 313 N.C. 539, 330 S.E.2d 465 (1985).

A defendant who has been found guilty is entitled to appellate review of the issue of whether his sentence is supported by the evidence presented at trial or during the sentencing hearing. *See* G.S. § 15A-1444(a1). The reviewing court must also determine whether the trial court abused its discretion in weighing the aggravating and mitigating factors. *State v. Cannon*, 92 N.C. App. 246, 374 S.E.2d 604 (1988), *disc. rev. denied on additional issues*, 324 N.C. 249, 377 S.E.2d 757 (1989), *rev'd on other grounds*, 326 N.C. 37, 387 S.E.2d 450 (1990). The applicable standard of review for sentencing procedures which deviate from the presumptive term is as follows:

> [t]here is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right. A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. (Citations omitted.)

*Id.* at 249-50, 374 S.E.2d at 606 (*quoting State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962)).

From our review of the record, we detect neither an error in the trial judge's finding that an aggravating factor existed nor an abuse of the trial judge's discretion in imposing a sentence greater than the presumptive term. We therefore find the twenty-

five year sentence for robbery with a dangerous weapon to be valid, just and in accordance with the purposes of the Fair Sentencing Act. Thus, we overrule this assignment of error.

In light of defendant's other assignments of error and our holdings, we have considered, but find no merit to his contention that the trial court considered its opinion of the defendant's truthfulness as a factor in the sentencing hearing. Assignment of Error number eight is therefore not discussed.

For all the aforementioned reasons, we find that defendant had a fair trial free of prejudicial error.

No error.

Judges COZORT and LEWIS concur.