TIMMONS-GOODSON, Judge.
Defendant appeals his conviction for first-degree murder. For the reasons discussed herein, we hold that defendant received a trial free of prejudicial error.
The State's evidence presented at trial tends to show the following: In March 2001, defendant and his wife, Dale Yaksic ("Dale") began experiencing marital problems. Sometime in March 2001, defendant punched Dale twice in her mouth during an argument. Defendant subsequently informed Dale that he wanted a divorce. In May 2001, Dale moved into a residence occupied by Gary Wayne Gage ("Gage"), a mutual friend of defendant and Dale. Gage's residence was located on the Charlotte Hawkins Brown Historic Site in Whitsett, North Carolina, where Gage was employed as agroundskeeper.
A short time after Dale moved in with Gage, she and Gage began a romantic relationship. Although defendant was initially supportive of the relationship, in late May and early June 2001, defendant began making threatening telephone calls to Dale at Gage's residence. In early June 2001, Gage helped Dale move to Connecticut. Gage then returned to his residence.
On the night of 21 June 2001, Dale received two "very unpleasant" telephone messages from defendant. Dale called Gage and urged Gage to leave his residence and stay somewhere else for the evening. Gage told Dale not to worry and that he would see her in Connecticut the next morning. Later that evening, Gage's daughter found Gage dead in the front yard of his residence. Gage had suffered gunshot wounds to the face, chest, and head. A forensic firearm specialist testified that Gage had been shot with a .22 caliber pistol.
Defendant testified at trial that he went to Gage's residence on the evening of 21 June 2001 to confront Gage about his relationship with Dale. Defendant testified that he had a . 22 caliber pistol with him on that evening, and that upon reaching the residence, he and Gage fought on the front porch. Defendant testified that after Gage fell off the front porch of the residence, the two men decided to talk. According to defendant, after the two smoked marijuana, defendant pulled out his pistol and said, "Why don't you just shoot me?" Defendant testified that he then told Gage, "we got to get drunk, man." Defendant testifiedthat he then left the residence to go get beer. Defendant further testified that when he returned to Gage's residence, he found Gage laying face-down in the front yard of the residence. Defendant testified that he then thought "I'm going to prison for the rest of my life," and thus decided to drive to Arkansas to stay with his brother. After learning Gage had died, defendant then drove to Louisiana.
A warrant for defendant's arrest was issued on 29 June 2001. On 5 November 2001, defendant was indicted for the first-degree murder of Gage. Defendant was apprehended in Louisiana and subsequently extradited to North Carolina for trial. Defendant's trial began the week of 9 September 2002. On 12 September 2002, the jury found defendant guilty of first-degree murder, and the trial court sentenced defendant to life imprisonment without parole. Defendant appeals.
We note initially that defendant's brief contains arguments supporting only one of the five original assignments of error. Pursuant to N.C.R. App. P. 28(b)(6) (2004), the remaining assignments of error are deemed abandoned. Therefore, we limit our present review to the one assignment of error properly preserved by defendant for appeal.
The only issue on appeal is whether the trial court erred while empaneling the jury for defendant's trial. Defendant argues that the trial court violated his due process rights during the questioning of prospective jurors. The trial court asked thefollowing questions of the jurors and made the following comments during voir dire:
All right. There was, I think, some publicity about this matter back maybe a year ago or longer. I'm not sure. The State contends that this occurred on the Charlotte Hawkins Brown Historical Site in Sedalia. And the State further contends that Mr. Gage, the victim, had a relationship with [defendant's] wife, and that the events you'll hear about went from there. Anybody remember reading anything about that or hearing anything about it?
(No response.)
Okay. So, nobody has any opinion about this matter and everybody can base their verdict on the evidence?
(No response.)
Okay. All right. Let me ask if any of you or anyone in your immediate families have ever been assaulted with a gun by I'll just say a jealous spouse. Anything like that ever happened? Okay.
(No response.)
Anybody in the jury box or anyone in your families ever been accused of anything like that?
(No response.)
All right. So, nobody has found themselves in anything like this situation or had it happen in their close family?
(No response.)
Defendant contends that the trial court offered "an impermissible expression of opinion" in the case by asking the jurors whether they had ever been victims of a "jealous spouse" or "found themselves in anything like this situation." We disagree. We note as an initial matter that defendant did not object to the trial court's questions at voir dire, nor does defendant argue on appeal that the trial court's questions were plain error. Therefore, defendant's assignment of error is barred by N.C.R. App. P. 10(b)(1) (2004). However, in our discretion pursuant to N.C.R. App. P. 2 (2004), we elect to consider the merits of defendant's appeal. Nevertheless, we hold that the trial court did not err in the instant case.
N.C. Gen. Stat. § 15A-1222 (2003) provides as follows:
The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury.
"It is immaterial how the opinion is expressed, whether in the examination of a witness, in the rulings upon objections to evidence, or in any other manner." State v. Wilhelm, 59 N.C. App. 298, 302, 296 S.E.2d 664, 667 (1982), disc. review denied, 307 N.C. 702, 301 S.E.2d 395 (1983). "In evaluating whether a judge's comments cross into the realm of impermissible opinion, a totality of the circumstances test is utilized." State v. Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995). "[N]ot every improper remark made by the trial judge requires a new trial. When considering an improper remark in light of the circumstances under which it was made, the underlying result may manifest mere harmless error." State v. Summerlin, 98 N.C. App. 167, 174, 390 S.E.2d 358, 361 (citations omitted), disc. review denied, 327 N.C. 143, 394 S.E.2d 183 (1990). Thus, "unless it is apparent that such infraction of the rules might reasonably have had a prejudicialeffect on the result of the trial, the error will be considered harmless." State v. Perry, 231 N.C. 467, 471, 57 S.E.2d 774, 777 (1950).
In the instant case, we are unconvinced that the trial court made any improper remarks during voir dire. The trial court's questioning of jurors regarding their individual experiences with a "jealous spouse" is not an expression of the trial court's opinion regarding either defendant's motive or guilt. The trial court was merely summarizing the case before the jury while attempting to secure a fair and impartial jury. Furthermore, the issue of whether defendant was a "jealous spouse" was not a "question of fact to be decided by the jury" in the instant case. N.C. Gen. Stat. § 15A-2222. Any improper implication to be drawn from the trial court's statements was corrected by the trial court's charge at the close of the case, when the trial court informed the jury:
Now the law, as indeed it should, requires the presiding judge to be impartial. You are not to draw any inference from any ruling I have made, inflection in my voice, expression on my face or question I have asked, or anything else that I've said or done that I have any opinion about this matter. It is your exclusive province to find the facts of this case and to render a verdict reflecting the truth as you find it.
We conclude that the trial court did not express an impermissible opinion or prejudice defendant's trial during voir dire. Accordingly, we hold that defendant received a trial free of prejudicial error.
No error. Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).